UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES ARTHUR MEEKS,
(TDCJ No. 02418057),
    Plaintiff,

vs.                                                   Civil Action No. 4:23-CV-619-P

ALVIN DeBOUSE, et al.,

    Defendants.

### OPINION and ORDER OF DISMISSAL
### UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The case is before the Court for review of pro-se-inmate/plaintiff James Arthur Meeks ("Meeks")'s complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims as asserted by plaintiff Meeks must be dismissed under authority of these provisions.

### BACKGROUND

Meeks initiated this case with the filing of a civil-rights complaint form seeking relief for violations of his constitutional rights against federal defendants under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Compl. 1-14, ECF No. 1.[1] In the complaint, Meeks names as

---

[1] Meeks previously included the same defendants and the same or similar claims in a lawsuit originally filed in the Eastern District of Texas, *Meeks v. Ray, et al.*, No. 4:22-CV-237 (E.D. Tex.). By an Order of Severance and Transfer issued March 29, 2023, that Court severed Meeks's claims against these same defendants and transferred those claims to this the Fort Worth Division. *Id.* (E.D. Tex, Mar. 29, 2023). Once received in Fort Worth, the case was given case number 4:23-CV-313-P and assigned to the undersigned. No. 4:23-CV-313-P (N.D. Tex. Mar. 31, 2023). Meeks failed to timely respond to a deficiency order and that case was dismissed without prejudice. No. 4:23-CV-313 (N. D. Tex. May 1, 2023 and January 17, 2024),

1

defendants Alvin DeBouse, United States Probation Officer, Northern District of Texas, Arlington Division; FNU/LNU Chief Probation Officer, Northern District of Texas, Ed Kinkeade's Court; John Doe Task Force, Northern District of Texas; Supervisor, John Doe Task Force, Northern District of Texas (Dallas/Fort Worth). Compl. Style, 3, ECF No. 1. In his statement of claim, Meeks recites the following:

> I was serving my 3 yr supervised release from (3:15-CR-468-K(1)) in Fort Worth, TX in 2020 and 2021, I was sentenced to substance abuse treatment and mental health  (treatment), but was never placed in [such treatment] by [the] BOP or Alvin DeBouse or his supervisor either while in the V.O.A. halfway house from 10/2020 to 4/2021, or when released on 4/2021–to– 7/2021 at arrest. Once I received 2 positive U.R.'s  for methamphetamine Alvin DeBouse began stalking and surveilling me, harassed me on 7/13/2021 and 7/15/2021 scaring me from reporting . . . for a urinalysis then causing a Task Force to gang stalk me through 6 Tex. counties over a 10 day period via de facto arrests, high tech illegal surveillance and weaponized pursuit management tools causing me to have a mental breakdown while inducing me to a criminal act via harassment [sic].

Compl § V page 4, ECF No. 1.

In multiple attachment pages, Meeks recites claims against these defendants arising from allegations that probation officers did not properly place him in a court-ordered substance abuse or mental health program when he began his term of supervised release. Then, when he was subjected to urinalysis tests by defendants, his specimens tested positive for methamphetamine. As a result, defendants created

---

ECF Nos. 37 and 52. In the meantime, Meeks filed this new similar case on June 13, 2023.

a "John Doe Task Force" that conducted illegal or unlawful surveillance of him, in violation of the Fourth Amendment. Compl. 6-10, ECF No. 1.

With regard to the section of the form complaint providing for the relief sought in the case, Meeks wrote *only*: "I want the federal actors disciplined so that they will never illegally do those acts again and manipulate the legal law enforcement resources as they did here." Compl. § VI page 4, ECF No. 1.

### STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Meeks is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). As Meeks is a prisoner, his cause is subject to review under § 1915A. Because Meeks is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both §1915(e)(2) and §1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

**A.    John Doe Task Force – Non-Jural Entity**

Plaintiff has named as defendants the John Doe Task Force and claims that it "employed daily de facto arrests in which this unit employed and deployed 'weaponized pursuit management tools.'" Compl. 8, ECF No. 1. The Court first notes that the John Doe Task Force does not have the capacity to be sued. In this regard:

> A plaintiff may not bring a claim against a governmental entity or department unless it enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F. 2d 311, 313-14 (5th Cir. 1991). State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit. *Id.* The capacity to sue or be sued is determined by the law of the state where the district court is located. FED. R. CIV. P. 17(b)(2), (3); *Darby*, 939 F.2d at 313-14.

> In Texas, county sheriff's departments and police departments are not legal entities capable of being sued in the absence of express action by the superior corporation (the county, in the case of a sheriff's department, and the city, in the case of a police department) "to grant the servient agency with jural authority." *Darby*, 930 F. 2d at 313. Accordingly, in *Darby*, the Fifth Circuit affirmed a district court's

4

> dismissal of claims that were brought against a police department rather than the city after concluding that the police department had no capacity to sue or be sued. 939 F2d at 313.

*Reynolds v. City of Poteet*, No. SA:12-CV-0112-DAE, 2013 WL 594731, at *10 (W.D. Tex. Feb. 15, 2013) (some citations omitted); *see also Plemons v. Amos*, No. 2:03-CV-421-J, 2006 WL 1710415, at *7 (N.D. Tex. June 22, 2006) ("[T]he general rule [is] that law enforcement agencies are not separate governmental entities that can be sued." (collecting cases).

Further, the analysis in the *Plemons* decision from this district is particularly on point in the consideration of whether an intergovernmental taswk force can be sued:

> The Court must next address whether an inter-governmental law enforcement unit such as the Task Force [identified earlier in the opinion as an intergovernmental, manpower sharing arrangement between the City of Amarillo and multiple panhandle counties, funded by federal grants and funds from the participating counties] can be sued under [then] Rule 17(b)(1). This court concludes that it cannot. *Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475, 476-77 (8th Cir.2001) (multi-city, multi-county, unincorporated, intergovernmental, multi-jurisdictional drug task force could not be sued because it has no separate legal existence and has not been granted statutory authority to sue or be sued; "authorities more directly on point appear to be uniform in holding that drug task forces similar to the defendant in this case are not separate legal entities subject to suit."); *Hervey v. Estes*, 65 F.3d 74, 791-92 (9th Cir, 1995)

5

(intergovernmental drug task force was not "person" or entity subject to suit under § 1983).

*Plemons*, 2006 WL 1710415 at *7.

Another court in this district employed this law to determine that a "Wichita Gang Task Force," to the extent that entity existed . . . is a non-jural entity." *McGrew v. City of Wichita Falls, et al.*, No. 3:14-CV-679-B, 2015 WL 3528236, at * 7 (N.D. Tex. June 4, 2015) (citing *Dillon v. Jefferson Cnty. Sheriff's Dep't.*, 973 F. Supp. 626, 627 (E.D. Tex. 1997); *Plemons*, 2006 WL 1710415 at *6-8); *see also Welch v. Jefferson Cnty*. Court, No. 1:12-CV-330, 2015 WL 66495, at *4 (E.D. Tex. Jan. 5, 2015) ("Federal courts have consistently dismissed § 1983 [claims] against non-legal entities.") (citations omitted).

Likewise in *Dillon*, the court determined that a narcotics task force could not be sued because the intergovernmental agreements did not create a separate legal entity capable of being sued. *Dillon*, 973 F. Supp. at 627-28.

Applying these precedents to review of the John Doe Task Force named as a defendant in this case, the Court determines that it is not a jural entity subject to suit. Thus, Plaintiff's claims against the John Doe Task Force must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A (b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Remaining Defendants -- Relief Sought Not Available**

As noted above, the only relief sought by Meeks in this case is to have the defendants "disciplined so that they will never illegally do these acts again and manipulate the law enforcement resources as they did here." Compl. § VI page 4, ECF No. 1. This Court, however, does not have authority to disciplining federal defendant employees.

In this regard, other courts have determined that relief in the form of disciplining defendants is not cognizable. In *Fritz v*

*Akosomitas*, No. 2:13-3532-RMG. 2015 WL 1346311 (D.S.C. Mar. 23, 2015), the detained plaintiff sued sheriff's department officers related to a burglary charge against him, seeking, in part, for the particular county officials be required to be disciplined. *Id*. at *6-7. The Court held that it "does not have the power or authority to discipline [Officer] Milks and/or the Berkely County Solicitor's Office or to require that he be issued an apology." *Id*. at *6.

Also, in *Body v. Thornton*, No. 12-0344-CG-N, 2013 WL 1915014 (S.D. Ala. April 17, 2013), *rep and rec. adopted*. 2013 WL 1914935 (S.D. Ala. May 17, 2013) the court rejected the claim that officers who allegedly violated Plaintiff's Fourth Amendment and Due Process rights should be subjected to discipline, noting that "plaintiff's request to discipline the defendants fails to state a claim, which subjects his injunctive relief request to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)." *Id*. at *5.

And in *Burton v. Battaglia, et al.*, No. 98 C 3269, 1998 WL 460272 (N.D. Ill. July 30, 1998), an inmate plaintiff suing prison officials sought to, in part, have the three officers "disciplined for making a false disciplinary" charge. *Id*. at *3. The court explained, however, that Plaintiff's request to have the officers disciplined "is simply impossible; a private citizen has no right to have another prosecuted criminally. *Linda R. S. V. Richard D*., 410 U.S. 614, 619 (1973), and the same reasoning would apply to civil discipline." *Id*.

As Meeks seeks only an order disciplining the defendants, relief that the Court cannot provide, he fails to state a claim upon which relief may be granted. As such, all remaining claims against all defendants must be dismissed under 28 U.S.C. § 1915A(b)(1) and 1915(e)(2)(B)(ii).

7

## CONCLUSION

It is therefore **ORDERED** that all plaintiff James Arthur Meeks's claims for relief as stated in the complaint are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **29th day** of **April 2024**.

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE